WALTER A. DITTRICH, complainant-respondent,

*v.*

ALBERTO CLINE, defendant-appellant.

[Argued October 22d, 1925. Decided February 1st, 1926.]

On appeal from a decree advised by Vice-Chancellor Ingersoll.

*Messrs. Cole & Cole,* for the appellant.

*Messrs. Bourgeois & Coulomb,* for the respondent.

PER CURIAM.

This is a bill to quiet title. The answer challenged the right of the complainant to file the bill on the ground that he was not in peaceable possession of the premises claimed,

and, consequently, not within the statute. *Penrose* v. *Absecon Land Co., 94 N. J. Eq. 436.* The vice-chancellor decided that the complainant was in peaceable possession, and, accordingly, ordered an issue at law as provided by the statute for quieting titles. *Comp. Stat. p. 5399.* Defendant appeals, and it is argued that the facts appearing at the hearing in chancery did not warrant a finding of peaceable possession.

It appeared that the premises in question had been a tract of unimproved land on the beach front, and that there was some dispute about the title; that the complainant, some little time before the bill was filed, entered upon the premises, which are plotted as two adjoining lots, and built thereon a one-story building, more or less temporary in character, but still a building, and which was so placed as to cover the division line between the two lots, and, therefore, affected both. Defendant brought no ejectment or trespass or other suit, and, after the building was completed, defendant's counsel wrote a letter to the father-in-law of the complainant (who appears to be interested in the case, as will appear, presently), calling attention to the erection of the building, and concluding as follows:

"Do you object to telling us why you erected this structure? Unless we have a satisfactory reply during the course of the next ten days, our client will either remove the structure or bring ejectment, as she may be advised, and this letter is to be treated as a demand for the removal of the structure and possession."

Touching this situation, the vice-chancellor commented as follows:

"No action is taken at the expiration of the ten days by either party. Nothing is done to make a complaint that that is not a peaceable possession after that time, and the bill is filed almost two months after that time. It seems to me, for the purpose of a proceeding such as this, when the present defendant, given notice that there is an objection to the possession, and saying that within a certain time she will take such steps as to change it from a peaceable pos-

session and an illegal one, if it is where, after that notice is given, she fails to take any steps at all, it leaves the land, I think, in the position of a peaceable possession in so far as such peaceable possession is required for a suit of this nature. What other position could the complainant take? .He has taken possession; he holds it; he is notified, in effect, that 'if he don't remove we will take steps to remove,' and no such steps are taken.

"It seems to be the only conclusion that, when such steps are not taken, they are abandoned after notice is given. I think, for the purposes of this suit, peaceable possession is shown over the lands designated here, and I direct an issue at law."

We concur in the views expressed by the vice-chancellor as quoted above, and agree that the existing situation showed such a peaceable possession as would support the action. It is argued on this appeal that the complainant was not the real owner of the .property, but merely the holder of the title for the benefit of Chester, his father-in-law, and, consequently, that Chester should have been the party complainant. The answer, obviously, is that the complainant, as the claimant of the legal title as grantee in three deeds that were put in evidence, was a proper party complainant. He may be a trustee for Chester, but, even if this be so, he would still be a proper complainant, and the only objection that could be raised by a claim that he is merely a trustee and not the beneficial owner would be that his *cestui* should be joined as a party. But this question of non-joinder of parties does not seem to have been raised below, and, that being the case, it cannot well be raised here.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ.   15.

*For reversal*—None.